**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**[**Additional Plaintiff's Counsel on Signature Page**]**

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **LAKESIA COOK, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**INTUIT, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

**INTRODUCTION**

1. Plaintiff, LAKESIA COOK, ("Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of Defendant, Intuit, Inc. ("Intuit" or "Defendant") with regard to Defendant's tax filing software commonly known as "Turbo Tax," by which Intuit used to promote/advertise purportedly "Free" tax filing services to millions of low earning Americans, only to deliberately divert them to their paid software services despite the consumers being eligible to obtain such tax-filing services at no cost at all.

2. Intuit and other electronic tax filing service providers entered into an agreement with the IRS ("Internal Revenue Service") to service millions of low-income earning taxpayers. The initiative that sprung from this agreement came to be known as the "Free File Program". *See* (https://www.irs.gov/e-file-providers/about-the-free-file-program). The Free File Program requires all the tax filing service providers that are a party to the agreement to provide online tax preparation and electronic filing at no cost to those taxpayers who make less than $66,000 or less in gross annual income.

3. However, due to the manner in which Intuit's markets the Turbo Tax software online through search engines such as Google, more often than not consumers like the Plaintiff and others are intentionally lead to paid versions of the tax filing software of the Defendant, or a very limited "free" version of tax filing that helps only the most basic of tax returns before prompting the individual to pay for extra services if your tax return is not the simplest.

4. Although Defendant does have a software program that complies with the Free File Program ("Turbo Tax Freedom Edition") that was initiated in partnership with the IRS, Defendant employs practices that make this particular program difficult to find online by using certain coding tactics that segregate the true

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Free File Program compliant program that includes numerous tax file forms from the very limited "free" edition.

5. The Turbo Tax Free File Program compliance software is not even accessible on Intuit's main Turbo Tax website. Instead, consumers have to type in the specific phrase in the search engine to ensure they got the right link to pop up during the search.

6. These kinds of deceptive practices are a direct breach of the agreement that Intuit entered into via the Free File Program and result in the exploitation of millions of consumers paying for services that should have been truly free as advertised and per the qualifications set by the Free File Program.

7. Plaintiff allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

8. Defendant's nationwide sale and advertising of deceptively marketed electronic tax filing products are violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; and constitute (4) negligent misrepresentation; and (5) intentional misrepresentation.

9. This conduct caused damages to Plaintiff and others similarly situated in California, and requires restitution and injunctive relief to remedy and prevent further harm.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(d)(2) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff is from a different state than that of the Defendant.

12. Venue is proper, as many of the acts and transactions giving rise to this action occurred in California and within this judicial district, since Defendant:

   (a) is authorized to conduct business in California and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this judicial district through marketing and advertising of its TurboTax Product in this district; and,

   (c) is subject to personal jurisdiction because it has availed itself of the laws and markets within this Judicial District.

## PARTIES

13. Plaintiff is a natural person and citizen of the State of California.

14. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Delaware.

15. For many years, Defendant has manufactured and/or distributed various products, including Turbo Tax, a widely used electronic tax preparation and filing software product and service.

## NATURE OF THE CASE

16. At all times relevant, Defendant made and continues to make affirmative misrepresentations and deceptive marketing practices regarding its product Turbo Tax.

17. Defendant Intuit, Inc. is a software development company that sells a wide variety of accounting and tax preparation software, among these Turbo Tax is the company's most profitable software, as it provides step-by-step guidance for filing/preparing state and federal tax returns electronically through a computer or even most mobile devices.

18. In or around October of 2002, a coalition of tax preparation service providers spearheaded by Turbo Tax created a group known as the "Free File Alliance," this group entered into an agreement with IRS for the purpose of offering free online tax preparation services to taxpayers who were considered low-income earners and therefore least likely to be able to afford electronic tax filings for their returns.

19. This agreement between the Free File Alliance and the IRS has come to be known as the "Free File Program" and has been extended several times since 2002 in documents known as "Memorandums of Understanding" or ("MOU").

20. The benefits of this agreement served objectives of both parties, it served the IRS's objective of giving low-income taxpayers a way of being able to afford electronic tax filings, as well as shifting the American public toward e-filing as a whole opposed to paper filing. It also helped the Free File Alliance members goals of not having to compete with a government ran e-file tax service, as the agreement specifically prevents the federal government from entering into the electronic tax preparation software marketplace.

21. The MOU is currently in effect and is extended until October 31, 2021.

22. Although generally the Free File Program allows taxpayers who make $66,000 or less gross annual income to be eligible for the Free File Program software, the agreement allows for Turbo Tax's eligibility requirements to be a bit more stringent due to its high traffic.

23. For Turbo Tax, a consumer qualifies for a free federal tax return if one has: 1) A gross annual income of $34,000 or less; 2) is eligible for the Earned Income

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Tax Credit; or 3) is on active military duty and has an annual gross income of $66,000 or less.

24. The official name of Turbo Tax's Free File Program software is "Turbo Tax Freedom Edition," this fully functional tax filing software handles virtually all kinds of tax returns no matter the complexity. It includes basic tax filing forms like IRS Form 1040 and nearly 125 additional federal tax forms.

25. Where a consumer qualifies for the "Freedom Edition" software from Turbo Tax, there is no reason/need to purchase any of the Turbo Tax paid e-filing products.

26. Turbo Tax also has another purportedly "free" tax filing software called Turbo Tax "Free Edition." This particular software is made for the most basic of tax returns which generally includes people with a W-2 income, have limited interest and dividend income reported on a 1099-INT or 1099-DIV, claim standard deductions, claim the Earned Income Tax credit, or claim child tax credits.

27. Taxpayers who need to file additional forms or use schedules as a part of their tax return cannot fully use the "Free Edition" software, and would be forced after spending all the time inputting the correct information, to purchase of one Turbo Tax's upgraded software platforms to e-file their return with the correct functionality.

28. In fact, this is a fate that many taxpayers like the Plaintiff's endure despite being eligible under one of the categories to receive Turbo Tax's "Freedom Edition" software that complies with the Free File Program and is absolutely of no charge to the taxpayer.

29. This is due in large part to the fact that Intuit purposefully makes Turbo Tax "Freedom Edition" incredibly difficult to access online. For starters, Freedom Edition is not accessible from Turbo Tax's main page website,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

https://turbotax.intuit.com. However, all of the paid e-filing software products are directly accessible on the main page website.

30. In addition to hiding Freedom Edition away from the main website, Intuit as of approximately April 26, 2019 had structured the online code in a way that makes certain search engine keywords like "turbo tax free," "turbo tax free file," or "turbotax" to lead consumers directly to a website where Freedom Edition is not located.

31. Several articles have highlighted how Turbo Tax took deliberate steps to ensure that the average consumer would not find Turbo Tax's Free File Program software.[1]

32. Intuit purchased advertisements on Google that would result in the paid products being displayed at the top of search inquiry, but the Free File Program software would be absent from the page.

33. According to ProPublica, after both these articles highlighted the deceptive practices put on by Intuit in hiding the Freedom Edition from search inquiries, Intuit changed the code as of April 28, 2019, so that Freedom Edition was not hidden from Google and other online search engines anymore.

34. Intuit engaged in conduct that contradicted the very purpose of forming the Free File Alliance, which was designed to prevent lower-income taxpayers from being directed to paid products.

---

[1] This was first reported by ProPublica in an article published on April 22, 2019 titled "*Here's How Turbo Tax Just Tricked You Into Paying To File Your Taxes*" https://www.propublica.org/article/turbotax-just-tricked-you-into-paying-to-file-your-taxes. Subsequently, in another article published by the same media outlet, ProPublica put out an article titled "*Turbo Tax Deliberately Hid Its Free File Page From Search Engines*" https://www.propublica.org/article/turbotax-deliberately-hides-its-free-file-page-from-search-engines.

35. The most recent iteration of the MOU requires developers who participate in the Free File Program to redirect consumers to other members Free File product if they end up not qualifying under their own.

36. The direct result of this conduct is that millions of tax payers every year who would qualify for Turbo Tax's Free File Program, end up paying unnecessary amounts of money for e-file programs that would otherwise be free if they knew about it and weren't be deceived into purchasing another product.

37. Defendant marketed the Free Edition of the e-file product as "FREE GURANTEED, $0 State. $0 Federal. $0 To File." This enticed most consumers to believe that the Free Edition software was the Freedom Edition software that is compliant with the Free File Program, only to later find out that unless their tax return was the most basic they would ultimately end up having to pay a price.

38. ProPublica reported as a result of the intentional deceit, concealment, and misrepresentations Turbo Tax has made about its e-filing product, its brought them approximately $1 billion annually in unnecessary fees from the unsuspecting consumer.

39. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

<u>**FACTUAL ALLEGATIONS**</u>

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. On or about December 2018, Plaintiff Cook, a resident of the County of San Bernardino, California, sought to have her taxes filed and used Turbo Tax.

42. Since Plaintiff Cook made less than $34,000 working part-time she qualified for the Free File Program with Turbo Tax.

43. At the time Plaintiff Cook filed her taxes, she believed that the filing would be free, as that is the option she chose.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

44. After filling in her private information and submitting the filing, Plaintiff was charged a filing fee of approximately $73.

45. At the time Plaintiff was charged for Defendant's product, Plaintiff believed and relied upon the representations made on Defendant's site and emails that such products were "Free" and that the Free Edition of the software she was using was the only "free" software available.

46. Plaintiff reasonably believed that Defendant's Product would actually be free of charge and due to Plaintiff's financial status was in fact eligible to have her tax return filed for free pursuant to the Free File Program.

47. Defendant knew, or in the exercise of reasonable care, should have known that its advertisements for Turbo Tax "Free Edition" and materials were materially misleading or false.

48. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased Defendant's Product under the false impression that no free alternative was available for them for their type of tax return.

49. Plaintiff would not have purchased Defendant's Product but for the representations on the software's advertisements and marketing materials.

50. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's website and advertisements, where Defendant sold, and currently sells, its product to consumers throughout the State of California.

51. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), Plaintiff and others similarly situated consumers collectively paid millions of dollars for unnecessary e-filing software, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

52. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of civil Procedure 23(a) and 23(b)(2) and/or (b)(3).

55. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") and ("Sub-Class") consists of:

> **National Class**
> All persons within the United States who were qualified pursuant to the Free File Program to use a Turbo Tax product free of charge after meeting eligibility requirements, but who were charged to file their return with Turbo Tax since four years prior to the filing of the Complaint.

> **California Sub-Class**
> All persons within the State of California who were qualified pursuant to the Free File Program to use a Turbo Tax product free of charge after meeting eligibility requirements, but who were charged to file their return with Turbo Tax since four years prior to the filing of the Complaint.

56. The Class and Sub-Class are sometimes herein referred to as the "Classes."

57. Excluded from the Class and Sub-Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class or Subclass definition before the Court determines whether certification is appropriate.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

58. The "Class Period" means four years prior to the filing of the Complaint in this action.

59. **Ascertainability**.  The members of the Class are readily ascertainable from Defendant's filing records and/or Defendant's agent's records of filings and online sales, as well as through public notice.

60. **Numerosity**.  The members of the Class and Sub-Class are so numerous that their individual joinder is impracticable.

61. Plaintiff is informed and believe that the Defendant's e-filing software is a top-selling product with a majority of the market share in tax filing, and millions of people use it every year, Plaintiff alleges that the putative Class consists of millions of members in the United States.

62. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and online code manipulation. The common legal and factual questions include, but are not limited to, the following:

    a.    Whether Intuit engaged in fraud and intentional misrepresentation of its software product;

    b.    Whether the Intuit engaged in negligent misrepresentation of it software product;

    c.    Whether Defendant's claims and representations regarding Free Edition version of its software, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

    d.    Whether Intuit deliberately violated its agreement with the IRS regarding the Free File Program;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

e.  Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

f.  Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

g.  Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

h.  Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

i.  Whether Plaintiff and members of the Class are entitled to actual damages and/or statutory damages;

j.  Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

k.  Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

63. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class and the Sub-Class in that Plaintiff are a member of the Class and Sub-Class that Plaintiff seek to represent.

64. Similar to members of the putative Class and Subclass, Plaintiff purchased the e-filing software after reasonably believing it to offer free filing services, and who were eligible for free e-filing pursuant to the Free File Program.

65. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the putative Class and Subclass.

66. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising.

Plaintiff has no adverse or antagonistic interest to those in the Class and Subclass will fairly and adequately protect the interests of the Class and Subclass.

67. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class and Subclass.

68. **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class and Sub-class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class and Sub-class to individually redress effectively the wrongs to them. Even if the members of the proposed Class and Sub-class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

69. Unless the Class and Sub-class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Class and Sub-class Product in an unlawful and misleading manner, and members of the Class and Sub-class will continue to be misled, harmed, and denied their rights under California law.

70. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## FIRST CAUSE OF ACTION FOR
## VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
## CAL. CIV. CODE §§ 1750, *ET SEQ.*

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

73. Defendant's software product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

74. Plaintiff and the members of the Classes are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

75. Plaintiff and each of the putative Class and Sub-class members' purchase of Defendant's software product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

76. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;

(5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;

(7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]

(9) [a]dvertising goods or services with intent not to sell them as advertised."

77. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Free Edition software for e-filing as "guaranteed free" for federal and state taxes, but drastically limiting the use of the "free" functionality of the software to the most basic of tax returns.

78. Throughout the Class Period, if Plaintiff and members of the Class and Sub-class had any slight deviation from the most basic of tax returns or had alternative forms from the standard W-2, Plaintiff and members of the class would be prompted to "upgrade" the Free Edition of the software to a paid product.

79. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

80. Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

81. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's website and emails.

82. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class and Sub-class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

83. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

84. Plaintiff and the members of the putative Class are entitled to, and seek, injunctive relief prohibiting such conduct in the future.

85. Plaintiff served a demand letter pursuant to California Civil Code § 1782, which was served on Defendant on or about May 30, 2019, by certified U.S. mail.

86. Should TurboTax not comply with Plaintiff's CLRA demand letter within 30 days of service, pursuant to Cal. Civ. Code § 1782(d), Plaintiff intends to amend the Complaint to add damages under California Civil Code §§ 1750, *et seq.*

87. In the interim, and until Court grants such an amendment or amendment is made as a matter of right, TurboTax may be enjoined from continuing the aforementioned conduct, as no cure period is required for an injunction sought under the CLRA. Cal. Civ. Code § 1782(a).

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
## BUS. & PROF. CODE §§ 17500, *ET SEQ.*

88. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

90. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

91. Defendant represents that its software product is "guaranteed free" for any federal and state tax return, when, in fact, the software product is only free for the most basic of tax returns and would serve less than a majority of taxpayers under the current model.

92. Such misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

93. At all times relevant, Defendant's advertising and promotion of its software product was, and is, untrue, misleading, and likely to deceive the reasonable consumer and the public.

94. Defendant deceived Plaintiff and the members of the Classes by representing that its e-filing software was free, when Defendant knew that the likelihood of the product being free for a majority of taxpayers was nonexistent and that most would ultimately end up paying for the e-filing service despite the individuals being eligible to file a free tax return electronically.

95. Upon information and belief, Defendant engaged in the false and/or misleading advertising and marketing of its software product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its software product, which Defendant knew, or had reason to know, would not end up being free to qualifying Free File Program taxpayers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

96. Such conduct violated California Business & Professions Code §§ 17500, *et seq*.

97. Had Defendant truthfully advertised that its software product was not guaranteed to be free and directed consumers to the Free File Program version of their software to see if they qualified, Plaintiff and the members of the Classes would not have purchased the paid e-filing software, and would have been able to file their taxes with all the relevant information totally free of charge.

98. The false and/or misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

99. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class and Sub-class members, who were led to purchase Defendant's software product during the Class Period.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ*.

100. Plaintiff re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

102. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

disjunctive, meaning that each of these "wrongs" operates independently from the others.

103. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

104. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, advertising, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, as alleged herein.

105. Defendant violated the above-referenced statutes by falsely representing that its product was guaranteed free when it truly was not, and by deliberately hiding the truly free version from consumers via search inquiry code manipulation.

106. By advertising, promoting, advertising, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

107. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

108. Had Plaintiff and the putative class members been informed that Defendant's software product was not guaranteed free, and that there was another version

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

of the software that they would have qualified for that would have enabled them to file their tax returns no matter the complexity for completely free, then Plaintiff and members of the Classes would not have paid for the any of the software that cost money.

109. In other words, Defendant earned the business of Plaintiff and the putative Class and Sub-class members by using deceptive advertising, which placed competitors at a disadvantage.

110. Further, Plaintiff and the members of the Classes were harmed in that they paid a price premium for the software product.

### C. "FRAUDULENT" PRONG

111. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its software as guaranteed free and deliberately hiding the truly free version of the software from the search inquiries of consumers so that they had to pay for something they could have gotten for free.

112. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

113. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

114. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

situated, through website promotion, advertising materials and emails, that Defendant's e-filing software was guaranteed free even though it was not.

115. Defendant made these representations knowing, or having reason to know, that a majority of consumers would end up having to pay for a paid version of the software to file their tax returns due to the limited functionality of the purportedly "free" version.

116. Defendant acted with the intent to induce the public, including Plaintiff and putative Class and Sub-class members, to purchase Defendant's software product.

117. Plaintiff and the putative Class and Sub-class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's software product.

118. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

119. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

120. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

121. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through website promoting and advertising materials, that Defendant's software product was guaranteed free even though Defendant knew most people would end up having to pay for it to be filed.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

122. Defendant acted intentionally by willfully and purposefully induced unsuspecting consumers to believe that even complex tax returns could be electronically filed free of charge.

123. Because the software has such a limited functionality in relation to the amount of information that can be included on your tax return Defendant knew induced consumers to pay for a product many of them could have truly got for free.

124. Defendant knew or had reason to know such representations were false, and continued to represent its software in a false or misleading way.

125. Plaintiff and the putative Class and Sub-class members saw, believed, and relied upon Defendant's representations in making the decision to purchase software not knowing that there was a totally free version of that software that they were eligible for.

126. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class and Sub-class members were damaged in an amount to be determined at trial.

127. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.    The "who" is Defendant;

    ii.    The "what" is the representation that Defendant's software was free when it in fact would not be free;

    iii.    The "when" is the date Plaintiff was charged for use of the software product, and the Class Period of four years prior to the filing of this Complaint;

    iv.    The "where" is in Defendant's product, advertisements, and online marketing; and

    v.    The "how" is the allegation that Defendant did not disclose that its software product is not guaranteed free, and did not direct consumers

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

to the true free version of its software pursuant to the Free File Program.

128. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the members of the Classes are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representative;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Classes and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Classes via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;
- that Plaintiff and each member of the Classes recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Injunctive relief to Cal. Civ. Code § 1780(a); and
- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and
- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

## FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- punitive damages pursuant to Cal. Civ. Code § 3294; and
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

129. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff are entitled to and demand a trial by jury.

Dated: June 1, 2019                     Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**


                                        By:   _**/s/ Abbas Kazerounian**_
                                              ABBAS KAZEROUNIAN, ESQ.
                                              *Attorney for Plaintiff*

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626